814 A.2d 1025

THE NEW JERSEY DEMOCRATIC PARTY, INC.; THE NEW JERSEY DEMOCRATIC STATE COMMITTEE, AND THE HON. BONNIE WATSON COLEMAN, IN HER OFFICIAL CAPACITY AS CHAIR OF THE NEW JERSEY DEMOCRATIC PARTY AND OF NEW JERSEY DEMOCRATIC STATE COMMITTEE; AND JOHN OR JANE DOE, YET TO BE SELECTED DEMOCRATIC PARTY CANDIDATE FOR THE OFFICE OF UNITED STATES SENATOR, STATE OF NEW JERSEY, PLAINTIFFS–MOVANTS, v. HON. DAVID SAMSON, ATTORNEY GENERAL, STATE OF NEW JERSEY, IN HIS OFFICIAL CAPACITY; HON. REGENA THOMAS, SECRETARY OF STATE OF THE STATE OF NEW JERSEY IN HER OFFICIAL CAPACITY; HON. RAMON DELACRUZ, DIRECTOR OF NEW JERSEY DIVISION OF ELECTIONS; HON. MICHAEL J. GARVIN, CLERK, COUNTY OF ATLANTIC, IN HIS OFFICIAL CAPACITY; HON. KATHLEEN A. DONOVAN, CLERK, COUNTY OF BERGEN, IN HER OFFICIAL CAPACITY; HON. PHILIP E. HAINES, CLERK, COUNTY OF BURLINGTON, IN HIS OFFICIAL CAPACITY; HON. JAMES BEACH, CLERK, COUNTY OF CAMDEN, IN HIS OFFICIAL CAPACITY; HON. ANGELA F. PULVINO, CLERK, COUNTY OF CAPE MAY, IN HER OFFICIAL CAPACITY; HON. GLORIA NOTO, CLERK, COUNTY OF CUMBERLAND, IN HER OFFICIAL CAPACITY; HON. PATRICK J. MCNALLY, CLERK, COUNTY OF ESSEX, IN HIS OFFICIAL CAPACITY; HON. JAMES N. HOGAN, CLERK, COUNTY OF GLOUCESTER, IN HIS OFFICIAL CAPACITY; HON. JANET E. HAYNES, CLERK, COUNTY OF HUDSON, IN HER OFFICIAL CAPACITY; HON. DOROTHY K. TIRPOK, CLERK, COUNTY OF HUNTERDON, IN HER OFFICIAL CAPACITY; HON. CATHERINE DICOSTANZO, CLERK, COUNTY OF MERCER, IN HER OFFICIAL CAPACITY; HON. ELAINE M. FLYNN, CLERK, COUNTY OF MIDDLESEX, IN HER OFFICIAL CAPACITY; HON. M. CLAIRE FRENCH, CLERK, COUNTY OF MONMOUTH, IN HER OFFICIAL CAPACITY; HON. JOAN BRAMHALL, CLERK, COUNTY OF MORRIS, IN HER OFFICIAL CAPACITY; HON. M. DEAN HAINES, CLERK, COUNTY OF OCEAN, IN HIS OFFICIAL CAPACITY; HON. RONNI D. NOCHIMSON, CLERK, COUNTY OF PASSAIC, IN HER OFFICIAL CAPACITY; HON. GILDA T. GILL, CLERK, COUNTY OF SALEM, IN HER OFFICIAL CAPACITY; HON. R. PETER WIDIN, CLERK, COUNTY OF SOMERSET, IN HIS OFFICIAL CAPACITY; HON. ERMA GORMLEY, CLERK, COUNTY OF SUSSEX, IN HER OFFICIAL CAPACITY; HON. JOANNE RAJOPPI, CLERK, COUNTY OF

UNION, IN HER OFFICIAL CAPACITY; HON. TERRANCE D. LEE, CLERK, COUNTY OF WARREN, IN HIS OFFICIAL CAPACITY; MR. DOUGLAS FORRESTER, CANDIDATE FOR THE UNITED STATES SENATE (REPUBLICAN); MR. TED GLICK, CANDIDATE FOR THE UNITED STATES SENATE (GREEN PARTY); MS. ELIZABETH MACRON, CANDIDATE FOR THE UNITED STATES SENATE (LIBERTARIAN PARTY); MR. GREGORY PASON (SOCIALIST PARTY); AND MR. NORMAN E. WAHNER (NEW JERSEY CONSERVATIVE PARTY), DEFENDANTS–RESPONDENTS.

October 2, 2002.

174

## O R D E R

This matter having been initiated by plaintiffs filing a verified complaint and order to show cause in the Superior Court, Law Division, Middlesex County, on September 30, 2002, which complaint sought the following relief:

1.  An injunction prohibiting the inclusion on the general election ballot for November 5, 2002, of the name of Robert G. Torricelli as a Democratic Party candidate for the office of United States Senator;

2.  A declaration that the New Jersey Democratic State Committee may forthwith proceed to select a duly qualified candidate to fill the vacancy created by the withdrawal of Robert G. Torricelli;

3.  The removal of the name of Robert G. Torricelli from the general election ballot and its replacement with the name of the candidate selected by the New Jersey Democratic State Committee;

4. The printing of the general election ballots with the substitution of the new candidate's name for that of Robert G. Torricelli;

5. A direction to defendant County Clerks that the substitution of the new candidate's name for that of Robert G. Torricelli is to be made on all ballots, whether absentee, military, provisional, emergency, voting machine, ballot card, or otherwise; and

6. A direction to defendant County Clerks that all general election ballots are to be printed with the name of the new candidate selected by the Democratic State Committee;

And plaintiffs having contemporaneously filed a motion with the Court seeking the direct certification of the matter;

And the Superior Court, Law Division, Middlesex County, having issued an Order to Show Cause on October 1, 2002, that, *inter alia*, enjoined the printing of all ballots for the general election;

And the Court having determined on October 1, 2002, that it should certify the matter directly and conduct oral arguments on October 2, 2002;

And the Court having also continued the stay of the printing of ballots pending its further Order;

And the Court having considered the record before it, having reviewed the submissions of the parties, and having heard the argument of counsel;

And the Court having concluded that the central question before it is whether the dual interests of full voter choice and the orderly administration of an election can be effectuated if the relief requested by plaintiffs were to be granted;

■ And the Court being of the view that

[it] is in the public interest and the general intent of the election laws to preserve the two-party system and to submit to the electorate a ballot bearing the names of candidates of both major political parties as well as of all other qualifying parties and groups.

*Kilmurray v. Gilfert,* 10 *N.J.* 435, 441, 91 *A.*2d 865 (1952);

■ And the Court remaining of the view that the election statutes should be liberally construed

to allow the greatest scope for public participation in the electoral process, to allow candidates to get on the ballot, to allow parties to put their candidates on the ballot, and most importantly, to allow the voters a choice on Election Day.

*Catania v. Haberle,* 123 *N.J.* 438, 448, 588 *A.*2d 374;

And the Court having determined that *N.J.S.A.* 19:13–20 does not preclude the possibility of a vacancy occurring within fifty-one days of the general election;

And the Court having concluded that the equitable relief sought herein is not inconsistent with the precedent of this Court and the terms of the statute and that the Court should invoke its equitable powers in favor of a full and fair ballot choice for the voters of New Jersey;

And the Court having determined that the interests of justice require the immediate issuance of an Order disposition with the Court's opinion to follow in due course;

And good cause appearing;

█ IT IS ORDERED that plaintiffs' application for the removal from the ballot for the general election of November 5, 2002, of the name of Robert G. Torricelli as a candidate for the position of United States Senator is granted; and it is further

ORDERED that the name of candidate duly selected by the Democratic State Committee shall replace that of Robert G. Torricelli on the ballot; and it is further

ORDERED that the preparation of revised ballots by the County Clerks shall proceed forthwith under the direction of the Attorney General of New Jersey and the supervision of Superior Court Judge Linda R. Feinberg, A.J.S.C. (Mercer County) who is empowered by this Order to exercise statewide jurisdiction over this process; and it is further

ORDERED that the parties shall meet with Judge Feinberg on Thursday, October 3, 2002, at 11:00 a.m. in the Mercer County Civil Courthouse, Trenton, to expedite the implementation of this Order; and it is further

ORDERED that military and overseas ballots shall be given precedence in preparation and mailing; and it is further

ORDERED that all of the costs related to the preparation and, when necessary, the mailing of revised ballots that are the subject of this Order shall be borne by plaintiffs and paid under the supervision of Judge Feinberg; and it is further

ORDERED that the plaintiffs shall deposit into the Superior Court Trust Fund $800,000, or such other sum as Judge Feinberg may find to be necessary and appropriate to meet the costs of implementing this Order, said deposit to be made in full or in such installments as Judge Feinberg shall determine, beginning no later than Friday, October 4, 2002; and it is further

ORDERED that the Attorney General of New Jersey shall oversee the election activities described in the preceding paragraphs pursuant to his authority as the chief election official of the State of New Jersey, and he shall report to Judge Feinberg on his activities in that capacity pursuant to this Order; and it is further

ORDERED that the Attorney General shall take all steps necessary to avoid voter confusion, including, but not limited to, the preparation of an explanatory letter to all voters to whom a revised ballot has been sent; and it is further

ORDERED that the schedule for the mailing of revised ballots provided for by this Order shall be set by Judge Feinberg in a manner that assures that ballots can be completed and returned in time for the November 5, 2002, general election.

Chief Justice PORITZ and Justices COLEMAN, LONG, VERNIERO, LaVECCHIA, ZAZZALI, and ALBIN join in the Court's Order.